IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK ANDREW HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv855-WHA |
| | ) | (WO) |
| GUARDIAN CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER CERTIFYING CLASS ACTION

### I. FACTS AND PROCEDURAL HISTORY

On May 12, 2011, Plaintiff Patrick Andrew Hart ("Hart") filed a Motion for Class Certification (Doc. #16), and indicated that the Motion was unopposed. Additionally, Defendant Guardian Credit Union ("Guardian") filed no response to Hart's Motion by June 13, 2011, the deadline set for responding to motions for class certification.

Under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, automatic teller machine ("ATM") operators must place an actual physical notice concerning transaction fees in a conspicuous location on or at an ATM charging a transaction fee. *See* 15 U.S.C. § 1693b(d)(3); 12 C.F.R. § 205.16(b), (c). Violators of this requirement are liable to consumers for actual damages, statutory damages, costs, and reasonable attorney's fees. 15 U.S.C. § 1593m(a). Hart alleges that Guardian failed to comply with this requirement, because two of its ATMs charged transaction fees without placing a proper physical notice of fees. Hart further

1

alleges that he, along with hundreds or thousands[1] of other consumers, used the Guardian ATMs at issue and were charged fees. Hart filed a Complaint in this case, seeking statutory damages, costs, attorney's fees, and permanent injunctive relief.

Additionally, Plaintiff seeks to certify the following class as a Rule 23(b)(3) class:

> All consumers who initiated an electronic funds transfer at the Guardian ATMs located at 1789 Congressman Dickinson Drive, Montgomery AL 36109, and 402 Washington Street, Prattville, AL 36067, and were assessed a fee for withdrawing cash from the Guardian ATMs located at 1789 Congressman Dickinson Drive, Montgomery AL 36109, and 402 Washington Street, Prattville, AL 36067, on or after October 7, 2009, and continuing through October 14, 2010.

Doc. #17 at 9. Because the court finds the Motion to be unopposed, and because the court independently concludes that Hart's class allegations satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), Hart's Motion is due to be GRANTED.

## II. DISCUSSION

### A.   Standard for Class Certification

The question of class certification is a procedural one distinct from the merits of the action. *Garcia v. Gloor*, 618 F.2d 264 (5th Cir. 1980).[2] In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566 (11th Cir. 1992). Although a district court is not to determine the merits of a case at the

---

[1] On page 6 of Hart's brief, Hart writes that Guardian's alleged violations "affected hundreds of consumers," yet on page 9 of Hart's brief, Hart writes that "the putative class includes thousands of class members." Doc. #17 at 6, 9. The difference is immaterial for purposes of this court's analysis.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit, decided before October 1, 1987.

certification stage, sometimes "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* at 1570 n.11.

A class action may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been satisfied. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). "A class action may be maintained only when it satisfies all the requirements of Fed. R. of Civ. Pro. 23(a) and at least one of the alternative requirements of Rule 23(b)." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999 (11th Cir.1997). A court must evaluate whether the four requirements of Rule 23(a) are met: numerosity, commonality, typicality, and adequacy of representation. Furthermore, the court must determine whether the action may be maintained as one of the classes under Rule 23(b). The party seeking to maintain the class action bears the burden of demonstrating that all prerequisites to class certification have been satisfied. *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1363 (11th Cir. 1984).

**B.     Rule 23(a) Requirements**

Numerosity.  To satisfy the numerosity requirement, the prospective class must be so numerous that joinder of the members is impractical. Fed. R. Civ. P. 23(a). Generally, a class of 40 meets the numerosity requirement. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). In this case, Hart has claimed, and Guardian does not contest, that either "hundreds" or "thousands" of consumers will be members of this class. Therefore, the numerosity requirement is satisfied.

Commonality and Typicality.  Rule 23(a) requires that there be questions of law or fact common to the class. Fed. R. Civ. P. 23(a). Although differences among class members are

relevant under other Rule 23 requirements, differences among class members do not necessarily undermine commonality as long as the resolution of the common questions affects all or a substantial number of class members. *See Shipes v. Trinity Indus.*, 987 F.2d 311, 316 (5th Cir. 1993). The Eleventh Circuit has explained that "commonality refers to the group characteristics of the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). To satisfy the commonality requirement, "a class action must involve issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).

In his Motion, Hart has demonstrated that he, along with all of the members of the class, raises materially identical legal and factual questions, and therefore, the commonality and typicality requirements are satisfied. For example, the predominant question in this case, which is common to Hart and all class members, is whether Guardian placed EFTA-compliant notices on the two ATMs in question. Moreover, Hart's legal and factual circumstances do not appear to be materially unique to any other class members who used these ATMs, and therefore, his claims arose from the same circumstances and are based on the same legal theory. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Finally, because Hart's putative class seeks only statutory, rather than actual damages, the class need not prove detrimental reliance to recover damages in this case. *See Vallies v. Sky Bank*, 591 F.3d 152, 161 (3d Cir. 2009) (citing cases); *Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 408 & n.7 (M.D. Fla. 2004).

<u>Adequacy</u>. Under the adequacy of representation requirement, representative plaintiffs must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The

adequate representation inquiry involves questions of whether the Plaintiffs's counsel are qualified, experienced, and generally able to conduct the proposed litigation, and of whether the Plaintiffs have interests antagonistic to those of the rest of the class. *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

The adequacy requirement is satisfied in this case. Hart has no apparent interests antagonistic to those of the rest of the class. Furthermore, Hart's lawyers have presented affidavits to the court stating that they are qualified, experienced, and able to conduct this litigation.

In sum, Hart satisfies all of Rule 23(a)'s requirements.

### C. Rule 23(b)(3) Requirements

Hart contends that this case can be certified under Rule 23(b)(3). Rule 23(b)(3) requires both that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1277 (11th Cir. 2009).

Predominance. To satisfy the predominance requirement, Hart must show that, after adjudication of the classwide issues, the class members need not introduce "a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004). In other words, the predominance inquiry asks what value the resolution of the class-wide issues will have in resolving each class member's underlying cause of action. *Rutstein v.*

*Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000).

As previously discussed, the predominant issue in this case is whether Guardian placed EFTA-compliant notices on the two ATMs in question. While certain individualized issues could potentially arise with respect to some consumers, the court takes the lack of opposition to the Motion for Class Certification as an indication that such issues will not affect many, if any, of the putative class members. Rather, the resolution of the class-wide issues will likely completely resolve the underlying cause of action for each member of the class. Moreover, as previously discussed, the class need not prove detrimental reliance on erroneous fee postings to recover damages in this case.

Superiority. In evaluating whether a class action is superior, the court's "focus is not on the convenience or burden of a class action suit *per se*, but on the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Klay*, 382 at 1269. Four relevant factors are set forth in Rule 23(b)(3):

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). In this case, there is no indication that any individual putative class members would want to control separate actions. Nor is there any current litigation concerning this controversy that has been brought to the court's attention. Moreover, because the class claims involve few individualized factual or legal issues, if any, it is desirable to concentrate the litigation in this court. Finally, there is no indication that adjudicating the class action in this

forum will cause any significant management difficulties. Thus, the court concludes that the superiority requirement is satisfied.

In sum, because Hart has satisfied all of the applicable requirements of Rule 23(a) and (b)(3), the court concludes that the proposed class is due to be certified.

### III. **CONCLUSION**

It is hereby ORDERED as follows:

1. The Motion for Class Certification (Doc. #16) is GRANTED.

2. The named Plaintiff Patrick Andrew Hart is DESIGNATED as class representative of a Rule 23(b)(3) class defined as follows:

All consumers who initiated an electronic funds transfer at the Guardian ATMs located at 1789 Congressman Dickinson Drive, Montgomery AL 36109, and 402 Washington Street, Prattville, AL 36067, and were assessed a fee for withdrawing cash from the Guardian ATMs located at 1789 Congressman Dickinson Drive, Montgomery AL 36109, and 402 Washington Street, Prattville, AL 36067, on or after October 7, 2009, and continuing through October 14, 2010.

3. The class is CERTIFIED with respect to the following cause of action:

All claims for statutory damages and permanent injunctive relief for violation of 15 U.S.C. § 1693b(d)(3) and its implementing regulations.

4. The court DESIGNATES Eric Calhoun and B.J. Wade as class counsel.

5. Pursuant to Rule 23(c)(2)(B), the parties are ORDERED to submit to this court, on or before June 30, 2011, a class notice plan and forms of notice. If the parties are unable to agree on forms of notice, the parties shall each submit on or before June 30, 2011 their proposed forms, accompanied by a memorandum explaining the party's position, and each party shall respond to the other's proposed notice

plan and forms of notice no later than July 7, 2011.

DONE this 16th day of June, 2011

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE