IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK ANDREW HART, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:10cv855-WHA |
| | ) |
| GUARDIAN CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the Plaintiff's Motion for Award of Attorney's Fees, Reimbursement of Expenses, and Payment of Plaintiff Incentive Award (Doc. #40).

This is a class action brought against a credit union for violation of a provision of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA").

The provision violated is found in § 1693b(d), which requires that any person providing automatic teller machine ("ATM") services for a fee to consumers must provide notice of the fee both by posting on or near the machine itself (§ 1693b(d)(3)(B)(i)) and on the screen of the machine, or paper notice from the machine, before the consumer is irrevocably committed to completing the transaction (§ 1693b(d)(3)(B)(ii)).

The civil liability for failure to post either of the required notices is actual damage sustained by the consumer and specified statutory damages of $100 to $1,000 in an individual action and such amount as the court may allow, up to a total cap, in a class action, together with a reasonable attorney's fee (§ 1693m(a)). There is actually no basis for actual damage to a consumer if the required notice is posted on the screen, since the consumer must agree there to

pay the fee before the transaction can be completed (§ 1693b(d)(3)(C)). On the other hand, as the Plaintiff alleges in his Complaint, failure to also post notice on or near the machine itself gives rise to strict liability. This is true even though no actual damage was suffered, in spite of the fact that the consumer has agreed to pay the fee rather than using a machine offered for no fee by his own institution which issued his card. The consumer who suffered no damage could, of course, simply advise the ATM provider that he has noticed its failure to post the external notice, so that this omission could be corrected with no one harmed. Or, for some reason, he could file a class action on behalf of himself and others who have suffered no actual damages, but who would be entitled to a small amount of statutory damages based on strict liability, if they should file a claim. The reason, of course, must be the prospect of receiving a "finders fee" in the form of an incentive award for serving as class representative, together with a statutorily required attorney's fee and costs for the attorney willing to take up the cause. This incentive for filing suit when there has been no actual damage has resulted in class action suits against ATM providers springing up all around the country. This case is one of them.

    This lawsuit was filed seeking class action certification for all users of ATM machines owned and operated by Guardian Credit Union ("Guardian") at one location in Montgomery, Alabama, and one in Prattville, Alabama, and who were charged a fee during a one-year period. The Complaint specifically disclaimed any request for actual damages and asked only for statutory damages, an incentive award for the named Plaintiff, and costs and reasonable attorney's fees for his attorneys. Guardian's Answer denied operating the machine at the alleged Prattville location, but gave the address of the actual location of its machine in Prattville, and admitted that its ATM's did not have the required external notices.

Guardian consented to class treatment and a settlement agreement was reached in this case. Guardian agreed to create a settlement fund of $42,500.00. Out of that, the named Plaintiff, Hart, would receive $2,500.00, and every class member who submitted a claim would receive a pro rata share of the fund, but no more than $100.00. Out of any balance, the costs of all required notices would be paid, and then any remaining funds would be distributed as a *cy pres* contribution to a local charitable organization, the Public Safety Insurance Fund. Guardian also agreed to pay additionally such attorney's fees and costs as might be awarded to class counsel by the court.

Agreed notices were sent out and published, resulting in no objections being filed, no opt-outs by any described class members, and only one claim for statutory damages being filed. A fairness hearing was held, and there are no disputed issues left to be resolved except the setting of a reasonable attorney's fee and costs.

So, this is what we have.

According to the Complaint, in July 2010, the individual Plaintiff, Patrick Andrew Hart, went to an ATM owned and operated by Guardian Credit Union, which was not the institution with which he had an account and which issued his card, to get some money. The machine had no legally required exterior notice that he would be charged a fee for the service. He was charged $2.00 for getting the cash. He does not allege that the machine did not have the second legally required notice, i.e., notice on the screen that he would be charged $2.00 to get the cash and would have to check off his consent to that before any cash would come out of the machine. Guardian's Answer admitted that it did not have the external notice on the machine, but further stated that users were required to consent to the surcharge before the surcharge was actually

3

imposed. Hart specified that he did not claim any actual damages. From all of that, the court concludes that the required consent notice was on the screen and that he and all members of the class had agreed to pay $2.00 before being able to get cash from the ATM.

Having gotten his money at the agreed cost of $2.00, Hart retained the services of a lawyer to right this wrong, and to help him perform the role of a "private attorney general" in filing a class action on behalf of all others who have had the same experience, since the law encourages such action for the protection of the public. (This is assuming, as the court must, that the public is in need of protection against using an ATM which does not have an external warning that they will be charged a fee, even though they are told on the screen that they will be charged the fee and must consent to it before the transaction can be completed.)

Not only did this act of vindicating his legal right and the rights of others require the services of a lawyer, however, but it is claimed that it reasonably required four lawyers, one from Dallas, Texas, one from Memphis, Tennessee, and two separate lawyers from here in Montgomery -- and to the tune of $75,338.40.

Now that this case has been settled, with Mr. Hart to receive $2,500 for filing the suit, one claimant to receive $100, and a local charity to receive a substantial amount of money after payment of costs, all for the legal wrong of Guardian Credit Union failing to post an external notice on its ATM's, it is for the court to determine a reasonable fee for Mr. Hart's team of lawyers under all the circumstances.

The court considers the almost-identical case of *Gaylor, etc. v. Comala Credit Union*, No. 2:10cv725-MHT, 2012 WL 1987183 (M.D. Ala. June 1, 2012), to be of particular significance in analyzing the issue of what fees and costs are reasonable to be awarded in this case. That class

action was filed in this court on August 27, 2010 and randomly assigned to Judge Myron Thompson. This case was filed on October 8, 2010 and randomly assigned to the undersigned. A settlement agreement was reached in *Gaylor* and a joint motion to approve it, with proposed preliminary approval order and forms for notices attached, was filed on November 2, 2011. Likewise, this case was settled and a joint motion to approve the settlement, with proposed order for preliminary approval and forms for notices attached, was filed on November 14, 2011. Fairness hearings in both cases were held, attorney's fees requests were filed, and a final Opinion and Order as to fees was entered in *Gaylor* on June 1, 2012.

The records of this court in *Gaylor* show that the Plaintiff was Danielle Marie Gaylor, individually and on behalf of all other similarly situated, and the Defendant was Comala Credit Union. Ms. Gaylor had the misfortune (or the good fortune as the case may be) of using her ATM card at Comala Credit Union's ATM machine which charged her a $2.00 surcharge and which did not have the exterior notice. This happened in June, 2010, the month before Mr. Hart had the same experience with the Guardian ATM. Ms. Gaylor found the same four lawyers who represent Mr. Hart in this case, and they filed the complaint two months later, in August.

A comparison of relevant documents filed in the two cases shows that those in this case are basically the same as in *Gaylor*, with the text having been merely "copied" and "pasted" with changed names. One illustration of this is that this Complaint on behalf of Mr. Hart refers in paragraph 6 to the suit being filed by "Plaintiff, on behalf of <u>herself</u> and all others similarly situated" and seeking relief "on behalf of <u>herself</u> and the proposed class," (Doc. # 1, ¶ 6) the same as the Complaint of Ms. Gaylor. Both cases were settled, with the creation of a settlement fund, $42,896.73 in *Gaylor* and $42,500.00 in this case. Both agreed to $2,500 for the named

Plaintiff, a $100 cap on claims of class members, and the same charity for *cy pres* distribution. All required class notices were the same. No claims were filed in *Gaylor*, while one was filed in this case.

The same Joint Motion to Approve Class Settlement, with Settlement Agreement and proposed orders attached, was filed in both cases, in *Gaylor* on November 2, 2011, and in this case on November 14, 2011 with names and amounts changed, with one notable exception which illustrates the "copy and paste" aspects of this case. The proposed Judgment and Final Order of Dismissal attached as Exhibit D to the Settlement Agreement submitted with the Joint Motion to Approve Class Settlement (Doc. # 33) filed in this case of Mr. Hart's stated that "the claims of Class Representative Danielle Gaylor are typical. . . ." *Id.* at ¶ 8. The same basic Preliminary Approval Order, as submitted by the parties, was entered in each case, the same notices were given, and the same Joint Motion for Final Approval was filed in each case, on March 19, 2012 in *Gaylor*, and on March 23, 2012 here. The same briefs were filed in support of these Joint Motions, with names changed, except that the brief in this case against Guardian continued to include the statement, "Here, Plaintiff's Complaint specifically lists the common issues implicated by his claims: . . . (b) Whether Defendant is the operator of Comala ATM's." (Doc. # 37, p. 16)  These examples, of course, suggest the use in this case of previously developed forms, but with some inadvertently copied and pasted text.

On June 1, 2012, Judge Thompson issued an Opinion and Order in *Gaylor*, a copy of which is attached hereto as Appendix "A". There, the Plaintiff's team of attorneys asked for fees and costs of $107,746.00. After a thorough analysis, Judge Thompson awarded a total of $20,000.00.

The undersigned adopts the reasoning of that Opinion and its analysis of the *Johnson*[1] factors in determining a reasonable fee here, declining to engage in an entry-by-entry analysis. Since everything done in this case followed closely the work already done in *Gaylor*, and after considering all circumstances and factors, the court determines a reasonable amount of attorney's fees and costs to be $19,000.00. The court will enter the jointly proposed Order Granting Final Approval of Settlement and the jointly proposed Judgment and Order of Dismissal (after changing the name Danielle Gaylor to Patrick Andrew Hart on page 2) attached as Exhibits C and D in Doc. # 33, with the award of $19,000 inserted as reasonable attorney's fees and costs.[2]

It is, therefore, hereby ORDERED as follows:

1. Plaintiff's Motion (Doc. #40) is GRANTED in the amount of $19,000.

2. Plaintiff's Motion for Payment of Plaintiff Incentive Award (Doc. #40) is GRANTED.

3. The Joint Motion for Final Approval of Class Settlement (Doc. #36) is GRANTED to the extent set out above.

4. Any other outstanding motions are DENIED as moot.

DONE this 29th day of June, 2012.

W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[2] The court considers the policy of encouraging class action suits to be filed to be entirely appropriate in some types of cases, such as those involving small, but widespread, actual damages, and those involving dangers to the public. This case, and others like it, however, are not worthy of such encouragement, and the court suggests that it might be well for Congress to consider whether it should continue to impose strict liability for failure to post external notices on ATM machines when the consumer is protected against actual damage by virtue of the on-screen notice and required consent there before the surcharge can be charged.